R. Daniel Fleck, #6-2668
Sarah A. Kellogg, #7-5355
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
307-733-7290/ 307-733-5248 (Fax)
fleck@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for the Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 AUG 27  AM 11: 50

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SHANEY MARIE GUTIERREZ, as Wrongful Death Representative of Rebecca Jean Nowlin, deceased; SHANEY MARIE GUTIERREZ, as Wrongful Death Representative of E.C., deceased minor; E.N., by and through her guardian and next of friend, SHANEY MARIE GUTIERREZ; A.N., by and through his guardian and next of friend, DAMION NOWLIN, <br><br> *Plaintiffs,* <br><br> v. <br><br> MOLOMBO THILLOT, and BLACKWELL CONSOLIDATION, LLC, <br><br> *Defendants.* | Civ. No. 20CV165-J <br><br> **COMPLAINT** |

Plaintiffs, by and through counsel, R. Daniel Fleck and Sarah A. Kellogg, of THE SPENCE

LAW FIRM, LLC, bring this Complaint against the Defendants as follows:

## I. PARTIES

1.    Rebecca Jean Nowlin died on March 7, 2019, in Uinta County, Wyoming.

2.     Upon information and belief, at the time of her death, Rebecca Jean Nowlin was a citizen of Utah.

3.     Plaintiff Shaney Marie Gutierrez is the surviving sister of Rebecca Jean Nowlin and is a citizen of Washington.

4.     E.C. is the deceased minor child of Rebecca Jean Nowlin. E.C. died on March 7, 2019, in Uinta County, Wyoming.

5.     Upon information and belief, at the time of her death, E.C. was a citizen of Utah.

6.     Plaintiff Shaney Marie Gutierrez was appointed as the Wrongful Death Representative of Rebecca Jean Nowlin pursuant to the Wyoming Wrongful Death Act (Wyo. Stat. Ann. §§ 1-38-101 et. seq.) by the Third Judicial district Court in and for Uinta County, Wyoming, in its June 12, 2020 Order Appointing Wrongful Death Representative (Civ. Action No. 20-89).

7.     Plaintiff Shaney Marie Gutierrez brings claims in this action on behalf of all participating wrongful death beneficiaries entitled to damages as a result of Rebecca Jean Nowlin's death, including, but not limited to the surviving minor children of Rebecca Jean Nowlin.

8.     Plaintiff Shaney Marie Gutierrez was appointed as the Wrongful Death Representative of E.C. pursuant to the Wyoming Wrongful Death Act (Wyo. Stat. Ann. §§ 1-38-101 et. seq.) by the Third Judicial district Court in and for Uinta County, Wyoming, in its June 26, 2020 Order Appointing Wrongful Death Representative (Civ. Action No. 20-104).

9.     Plaintiff Shaney Marie Gutierrez brings claims in this action on behalf of all participating wrongful death beneficiaries entitled to damages as a result of E.C.'s death, including, but not limited to the surviving siblings of E.C.

10.    Plaintiff E.N. is the minor daughter of Rebecca Jean Nowlin, deceased, and sister of E.C., deceased.

11.     E.N. was a citizen of Utah at the time of the motor vehicle collision giving rise to this Action.

12.     Shaney Marie Gutierrez is the legal guardian of E.N.

13.     E.N. is a citizen of Washington, where she resides with Shaney Marie Gutierrez.

14.     Plaintiff A.N. is the minor son of Rebecca Nowlin, deceased, and brother of E.C., deceased.

15.     Damion Nowlin, the brother of Rebecca Nowlin, deceased, is the legal guardian of A.N.

16.     A.N., a minor, was a citizen of Utah at the time of the motor vehicle collision giving rise to this Action.

17.     A.N. is now a citizen of Missouri, where he resides with Damion Nowlin.

18.     Damion Nowlin is also a citizen of Missouri.

19.     Defendant Blackwell Consolidation, LLC ("Blackwell") is an Oregon limited liability company, with its principal place of business located at 7111 Blackwell Road, Central Point, Oregon, 97502.

20.     The registered agent for Blackwell is Michael S. Card, 5656 Crater Lake Avenue, Central Point, Oregon 97502.

21.     Defendant Blackwell is a citizen of Oregon.

22.     Upon information and belief, Defendant Molombo Thillot is a citizen of Nevada.

23.     On March 6, 2019, Defendant Thillot operated a 2016 Freightliner, CBE with the vehicle identification number: 3AKJGLD56GSGU9589, which was owned by Blackwell (hereinafter "Blackwell Freightliner").

24.     Under the doctrine of respondeat superior, Blackwell is vicariously liable for any act or omission of any officer, agent, servant, or employee made while acting within the scope of

authority delegated by the company, or within the scope of the duties of the employee, which was the direct and proximate cause of Plaintiffs' damages.

25.     At all times relevant to the facts alleged herein, Defendant Thillot was an employee, agent, or ostensible agent of Blackwell, operating within the scope of agency and/or employment to further the interests of Blackwell.

## II.   JURISDICTION & VENUE

26.     Plaintiffs incorporate and adopt by reference all of the facts and allegations above as though fully set forth herein.

27.     The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy is substantially in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

28.     Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Wyoming.

29.     This Court has specific personal jurisdiction over the Defendants because Defendants purposefully availed themselves of the privilege of conducting business in the State of Wyoming.

30.     This Court has specific personal jurisdiction over the Defendants because the events giving rise to Plaintiffs' claims arise out of Defendants' contacts with the State of Wyoming.

31.     The exercise of personal jurisdiction in this case is consistent with Wyoming's long arm statute (W.S. § 5-1-107(a)).

## III.   FACTS

32.     Plaintiffs incorporate and adopt by reference all of the facts and allegations above as though fully set forth herein.

33.     On March 6, 2019, Rebecca Jean Nowlin, deceased, and her minor children, E.C., deceased, E.N., D.C., A.N., and H.C., were passengers in a motor vehicle operated by Marco Carr (herein after "Minivan") traveling east on Interstate 80, in Uinta County, Wyoming.

34.     The road conditions were slick.

35.     Around mile marker 15, at approximately 23:15, the Minivan collided with a tractor-trailer owned by New Prime, Inc. and operated by Alex Farnsworth.

36.      Upon information and belief, this initial impact disabled the Minivan.

37.     Shortly thereafter, at approximately 23:20, the Blackwell Freightliner, operated by Defendant Thillot, came upon the collision site, traveling at an unreasonable speed for the conditions.

38.     The Blackwell Freightliner struck the Minivan.

39.     The collision caused the deaths of Rebecca Jean Nowlin, E.C., and Marco Carr and seriously injured E.N., A.N., D.C., and H.C.

40.     A.N.'s serious injuries include, but are not limited to:

    a.     Traumatic brain injury;

    b.     Subdural hematoma left tentorium;

    c.     Cerebral parenchymal hemorrhage;

    d.     Scalp laceration;

    e.     Pneumocephalus;

    f.     Subgaleal hemorrhage;

    g.     Skull fracture;

    h.     Tongue laceration;

    i.     Nasal petal hematoma;

  j.  Zygoma fracture;

  k.  Pulmonary contusion;

  l.  Rib fractures;

  m.  Acute respiratory failure following trauma and surgery;

  n.  Multiple abrasions.

41.  E.N.'s serious injuries include, but are not limited to:

  a.  C2 cervical fracture;

  b.  Mild traumatic brain injury;

  c.  Acute stress disorder;

  d.  Ligamentous injury

  e.  T1, T6, T7 anterior compression fracture;

  f.  Facial abrasion.

42.  The collision also resulted in the infliction of emotional distress to E.N. and A.N., caused by witnessing the horrific injuries leading to the deaths of their mother (Rebecca Jean Nowlin), sister (E.C.), and Marco Carr, as well as the serious injuries of their siblings.

43.  Plaintiffs' damages are more particularly set forth below in the section of this Complaint entitled "Damages."

### IV. FIRST CAUSE OF ACTION: NEGLIGENCE OF DEFENDANTS THILLOT AND BLACKWELL

44.  Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

45.  At the time of the motor vehicle collision, Defendant owed a duty of care to Plaintiffs to exercise reasonable care in the operation of the Blackwell Freightliner.

46.    Defendant Thillot breached his duty of reasonable care and was negligent.    Such negligent acts and/or omissions include, but are not limited to, the following:

    a.    Operating a motor vehicle at a speed too fast for conditions;

    b.    Driving a vehicle on a highway at an unreasonable speed in violation of W.S. § 31-5-301;

    c.    Failing to keep a proper lookout;

    d.    Following too closely in violation of W.S. § 31-5-210;

    e.    Failing the exercise extreme caution in the operation of a commercial motor vehicle when hazardous conditions adversely affect visibility or traction in violation of 40 C.F.R. § 392.14.

    f.    Failing to yield to a disabled vehicle; and

    g.    Failing to exercise reasonable care under the circumstances.

47.    Defendant Blackwell is vicariously liable for the above negligence of Defendant Thillot.

48.    As a direct and proximate cause and result of Defendants' negligence, Rebecca Jean Nowlin and E.C. died and Plaintiffs E.N. and A.N. suffered physical and emotional injures for which Defendants are liable.  These damages are more particularly set forth in the section of this Complaint entitled "Damages."

## V.  DAMAGES

49.    Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

50.    As a direct and proximate result of Defendants' acts and omissions, Rebecca Jean Nowlin died and her wrongful death beneficiaries sustained the following damages:

    a.    Loss of companionship, society and comfort;

    b.    Past and future loss of income and earning capacity;

    c.    Past and future pecuniary loss; and

    d.    All allowable costs, expenses and fees associated with this litigation.

51.    As a direct and proximate result of Defendants' acts and omissions, E.C. died and her wrongful death beneficiaries sustained the following damages:

    a.    Loss of companionship, society and comfort;

    b.    Past and future pecuniary loss; and

    c.    All allowable costs, expenses and fees associated with this litigation.

52.    As direct and proximate result of Defendants' acts and omissions, E.N. sustained following damages:

    a.    Past and future medical expenses, in an amount to be set forth at trial;

    b.    Future lost wages and earning capacity in an amount to be set forth at trial;

    c.    Past and future pain, suffering, disfigurement, scarring, and disability in an amount to be set forth at trial;

    d.    Past and future loss of enjoyment of life in an amount to be set forth at trial;

    e.    Past and future damages of emotional distress in an amount to be set forth at trial;

    f.    All allowable costs of this action and further relief as the court deems equitable and proper.

53.    As direct and proximate result of Defendants' acts and omissions, A.N. sustained following damages:

    a.    Past and future medical expenses, in an amount to be set forth at trial;

    b.    Future lost wages and earning capacity in an amount to be set forth at trial;

c. Past and future pain, suffering, disfigurement, scarring, and disability in an amount to be set forth at trial;

d. Past and future loss of enjoyment of life in an amount to be set forth at trial;

e. Past and future damages of emotional distress in an amount to be set forth at trial;

f. All allowable costs of this action and further relief as the court deems equitable and proper.

54. Plaintiffs reserve the right to amend their complaint to assert a claim for punitive damages if supported by the evidence.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants in an amount as supported by the allegations of this Complaint, as follows:

1. Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

2. Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

DATED this 26th day of August, 2020.

_____
R. Daniel Fleck, #6-2668
Sarah A. Kellogg, #7-5355
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
307-733-7290/ 307-733-5248 (Fax)
fleck@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for the Plaintiffs*