James C. Worthen, #6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SHANEY MAIRE GUTIERREZ, as Wrongful Death Representative of Rebecca Jean Nowlin, Deceased; SHANEY MAIRE GUTIERREZ, as Wrongful Death Representative of E.C., a deceased minor; E.N., by and through her guardian and next friend, SHANEY MAIRE GUTIERREZ; A.N., by and through her guardian and next friend, DAMIAN NOWLIN, and SHANEY MAIRE GUTIERREZ, as Wrongful Death Representative of Baby Nowlin<br><br>Plaintiffs,<br><br>vs.<br><br>MOLOMBO THILLOT, BLACKWELL CONSOLIDATION, LLC, and COMBINED TRANSPORT LOGISTICS GROUP, INC.<br><br>Defendants. | Docket No. 20-CV-165-J |

# JOINT REPORT OF MEETING
# and
# PROPOSED JOINT DISCOVERY AND CASE MANAGEMENT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Parties submit the following Joint Report of Meeting and Proposed Joint Discovery and Case Management plan to the Court for consideration:

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held and identify the counsel for each**

party or any unrepresented pro se individual who attended. The name of the participant, address, bar number (where applicable), telephone and fax numbers, and email addresses must be provided.

**Response**:

The parties held a Rule 26(f) conference on March 3, 2021, via telephone. Counsel involved in the conference were:

For Plaintiffs:
R. Daniel Fleck, # 6-2668
Sarah A. Kellogg, # 7-5355
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
Telephone: (307) 733-7290
Facsimile: (307) 733-5248
fleck@spencelawyers.com
kellogg@spencelawyers.com

For Defendants:
James C. Worthen, #6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

**Response**:

There is one related case to this matter filed in the United States District Court, Central District of California. The case is captioned:

> D.C., by and through his legal guardian, Winifred Robert White Carr; H.C., by and through his legal guardian, Tyrone Lionel Stafford; TYRONE LIONEL STAFFORD as the Special Administrator with Limited Powers for the ESTATE OF MARCO CARR and ESTATE OF E.C., and WINIFRED ROBERT WHITE CARR as the Special Administrator With Limited Powers for the ESTATE OF REBECCA NOWLIN and ESTATE OF JOHN DOE 1,

Plaintiffs,

v.

MOLOMBO THILLOT, an individual; ALEX FARNSWORTH, an individual; MARTIN JANSS, an individual; COMBINED TRANSPORT LOGISTICS GROUP, INC., a Corporation; COMBINED TRANSPORT, INC., a Corporation; BLACKWELL CONSOLIDATION, LLC, a Limited Liability Company; NEW PRIME, INC., a Corporation; A.C. by and through is legal guardian TATE NOWLIN; E.S. by and through her legal guardian SHANEY GUTIERREZ; and DOES 2-10,

Defendants.

Civil Action Number: 2:20-cv-11765-SK

The California matter involves the same accident. The California Plaintiffs purport to represent the wrongful death estates of Rebecca Nowlin, minor child E.C., and Baby Nowlin — but have not been appointed as the wrongful death representative by any Wyoming court.

It is Plaintiffs' position that Ms. Gutierrez is the only party entitled to pursue the wrongful death claims of Ms. Nowlin, E.C., and Baby Nowlin under Wyoming law because she is the properly appointed Wyoming wrongful death representative.

The California case is also brought on behalf of two minor children, who are not currently parties to this action, and on behalf of Marcos Carr, the driver of the minivan who died in the collision. The California matter also named New Prime, Inc., the commercial vehicle involved in the first accident with the minivan.

A motion to transfer the California matter to the United States District Court, District of Wyoming was filed by the Combined Transport/Blackwell Consolidation defendants on March 1, 2021. The Plaintiffs in the California matter have provided notice that they intend to contest the motion to transfer. Defendants contend that the California matter, with the pending motion, will require consideration in the scheduling of this matter.

Plaintiffs oppose consolidation of the matters and oppose delaying this action on account of the California matter.

**3. Briefly describe what this case is about.**

**Response**:

On March 6, 2019 at around 11:00 p.m., Marcos Carr, deceased, was driving a 1999 Chevrolet Venture minivan on Interstate 80 in Uinta County, Wyoming. The minivan was traveling westbound near milepost 15, descending a hill in an area of the interstate commonly referred to as The Three Sisters. At the time of the accident it was dark, and the roadway was impacted by winter weather conditions. The minivan contained Marcos Carr's girlfriend, Rebecca Nowlin and five minor children. The minivan had become disabled and was stopped sitting sideways in the roadway on Interstate 80, after hitting the rear of a 2019 Freightliner CBE tractor-trailer unit owned by New Prime, Inc.

After some period of time, Plaintiffs were involved in a subsequent collision with Defendant Molombo Thillot, an agent and/or employee of Blackwell Consolidation, LLC. Mr. Thillot was operating a 2016 Freightliner CBE tractor-trailer owned by Blackwell Consolidation, LLC. Mr. Thillot was traveling westbound on Interstate 80. The Blackwell Freightliner struck the right rear quarter of the minivan.

All the occupants of the minivan were ejected from the vehicle. According to the Wyoming complaint: Marcos Carr, Rebecca Nowlin and E.C. a minor child perished in the motor vehicle accidents. The Wyoming complaint asserts that two other minor children, E.N. and A.N. sustained injuries as a result of the motor vehicle accidents. The California complaint asserts the other two minor children, D.C. and H.C. were also injured. Plaintiffs also allege that Rebecca Nowlin was nine months pregnant at the time of the incident and that her child was born after the incident, but did not survive.

**4. Specify the allegations providing the basis for federal jurisdiction.**

**Response**:

Jurisdiction of this Court is pursuant to 28 U.S.C. §1332(a)(1).

Rebecca Nowlin, E.C., Baby Nowlin, E.N. and A.N were residents of Utah at the time of the accident; and that E.N. is currently a resident of Washington and A.N is now a resident of Missouri.

Blackwell Consolidation, LLC is an Oregon Limited Liability Company, with its principle place of business in Central Point, Oregon. Blackwell Consolidation, LLC is a wholly owned subsidiary of Combined Transport, Inc., an Oregon corporation. Combined Transport, Inc. is the sole member of Blackwell Consolidation, LLC

Combined Transport Logistic Group, Inc. is an Oregon corporation, with its principle place of business in Central Point, Oregon.

Molombo Thillot is a citizen of Nevada.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons for disagreement.**

   **Response**:

   None

6. **Discuss whether or not the case is complex. If the parties believe that the case is complex, explain why and be prepared to address this issue, including scheduling and case management considerations in particular, during the Initial Pretrial Conference.**

   **Response**:

   This case is both complex and not complex. The underlying accident is not complex.

   The case is complex due to California federal court action regarding the same action, and the pending motion to transfer that action to the District of Wyoming.

7. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**
   **Response**:

   Plaintiffs filed an amended complaint on March 3, 2021 which: (1) adds claims on behalf of Rebecca Nowlin's minor infant, who was born after the incident but did not survive; and (2) adds Combined Transport Logistics Group, Inc. ("CTLG") as a defendant in this matter. GTLG has not yet answered the complaint.

8. **List anticipated interventions.**

   **Response**:

   None

9. **Describe class-action issues, if any.**

   **Response**:

   None

Page 5
*Gutierrez et al. v. Thillot et al.;* Docket No. 20-CV-165-J

**10. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe specifically the arrangements that have been made to complete the disclosures.**

**Response**:

Plaintiffs served/will serve their Rule 26 disclosures on March 19, 2021 date.

Defendants served/will serve their Rule 26 disclosures on March 19, 2021 date.

**11. Describe the proposed agreed discovery plan, including:**

The parties have conferred on the discovery plan for this matter and are in general agreement about the scope of discovery in this matter. The area of disagreement is the deadlines for the completion of discovery and setting of trial.

Plaintiffs respectfully request that the Court adhere to its normal timelines, without consideration of the California case.

Defendant believes that additional time is appropriate for this matter due to complications that have arisen due to the competing Wyoming and California cases, the parties/witnesses in this matter are spread across a significant number of states, and a significant backlog of trials created by COVID-19. Counsel for Defendant has had a significant number of case deadlines reset into late 2021 and spring 2022, and currently has the following trial settings starting in 2022:

01/24/22 - 02/01/22: Elbert v. American Colloid Company et al, USDC-WY, 20-CV-03-J
02/07/22 - 02/15/22: WMC v. Extreme Underground, 5th District, WY, CV 29486
02/28/22 – 03/04/22: Linnik v. Unlimited Carrier et al, USDC-WY, 20-CV-89-F
03/07/22 – 03/11/22: Mertz v. Warner & Assoc. et al, 7th District, WY, CV 107516
03/14/22 - 03/22/22: Griffith v. Western Oilfield et al, USDC-WY, 20-CV-144 – F
03/28/22—04/06/22: Houska v. Newkota Service, USDC-WY, 20-CV-68-S

    a. **Responses to all the matters raised in Rule 26(f).**

**Response**:

Based upon the Rule 26(f) conference, the parties do not anticipate any significant problems to conducting discovery which will require court intervention.

    b. **When and to whom the plaintiff anticipates it may send interrogatories.**

**Response**:

Plaintiffs anticipate serving written discovery on all Defendants on or before April 9, 2021.

    **c. When and to whom the defendant anticipates it may send interrogatories.**

**Response**:

Defendant anticipates serving written discovery on all plaintiffs on or before May 1, 2021.

    **d. Of whom and by when the plaintiff anticipates taking oral depositions.**

**Response**:

Plaintiffs have not yet identified the witnesses that they intend to depose. Based on a preliminary review, Plaintiffs intend to depose the following:

- Molombo Thillot;
- Corporate representative of Blackwell Consolidation, LLC;
- Corporate representative of Combined Transport Logistics, Inc.;
- Alex Farnsworth (driver of the New Prime truck);
- Martin Janss (passenger in the New Prime truck);
- Officer David Homer (investigating officer);
- Responding emergency personnel;
- Defendants' expert witnesses.

    **e. Of whom and by when the defendant anticipates taking oral depositions.**

**Response**:

As to fact witnesses, Defendants have not yet determined whether depositions of the surviving minor children will be required. Defendant would prefer not to take these depositions but will wait to make that decision until written discovery is complete. Defendant also anticipates taking the depositions of law enforcement, fact witnesses including the driver and co-driver of the New Prime truck, key medical providers, and damage witnesses.

    **f. Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**

**Response**:

Plaintiff proposes a designation deadline of June 25, 2021.

Defendant proposes Plaintiff designation be set October 1, 2021.

    **g. Specify the date experts for defendant will be designated and their reports provided to the opposing party.**

**Response**:

Defendants would request 45-60 days to designate experts due to the number of parties involved, the number of anticipated liability and damage experts by the Plaintiff, and the need to schedule and depose Plaintiffs expert prior to Defendants' designation.

Plaintiffs propose that Defendants designate their experts 30 days after Plaintiffs' designation.

    **h. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**

**Response**:

Plaintiffs anticipate deposing any expert designated by the Defendants. Plaintiffs anticipate completing these depositions within 30-45 days of Defendants' designation of expert witnesses.

    **i. List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**

**Response**:

Defendant anticipates that it will need to take the deposition of all of Plaintiffs designated experts. Defendant anticipates that it will take 45-60 days to schedule and complete those depositions.

    **j. Indicate whether the parties have conferred with their clients regarding obligations concerning electronically stored information. Also identify limitations on discovery of electronically stored information, as contemplated by Federal Rule of Civil Procedure 26(b)(2)(B) and the Local Rules of this Court.**

**Response**:

Counsel for Plaintiffs have conferred with their clients regarding electronically stored information.

Counsel for Defendants has conferred with his client regarding electronically stored information. Given the nature of the claim (motor vehicle accident), Defendant does not anticipate much electronic discovery.

  k. **Discuss the scope and limits of planned discovery. Identify how the parties will ensure that anticipated discovery will be proportional to the needs of the case, and address each of those considerations set forth in Rule 26(b) regarding the scope of discovery in general.**

**Response**:

Despite the serious nature of this lawsuit and the severity of the claimed damages, the parties anticipate being able to complete written discovery in this matter within the prescribed limitations of the Federal Rules of Civil Procedure. The parties anticipate that they may need more than 10 depositions per side, as set forth by Rule 30(a)(2)(A)(i); but have agree to work together to limit the total number needed. If the parties are unable to agree on the need to take deposition beyond 10; the parties will contact the Magistrate to request assistance in resolving the issue.

**12. If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**Response**:

  None

**13. Specify the discovery beyond initial disclosures that has been undertaken to date.**

**Response**:

  None

**14. State the date the parties believe planned discovery can reasonably be completed.**

**Response**:

Plaintiffs believe that all discovery can be completed by September 15, 2021.

Defendants believe that fact discovery can be completed by December 31, 2021; and expert discovery by April 15, 2022.

**15. Describe the possibilities for a prompt settlement or resolution of the case that were discussed during your Rule 26(f) meeting.**

**Response**:

The parties believe that prospects of settlement are fair.

**16. Describe what each party has done or agreed to do to bring about a prompt resolution.**

**Response**:

The parties have discussed the existing barriers to attempt to resolve this matter; in particular the existence of the separate lawsuit in California for the same accident and the dispute over who is the proper representatives to prosecute the claims. The parties have agreed to continue to work together to overcome these issues in order to be in a position to have meaningful settlement discussions.

**17. From the attorneys' discussions with the client(s), state the alternative dispute resolution techniques that may be reasonably suitable.**

**Response**:

The parties have agreed that if ADR is required that the parties will either use the services of a private mediator or seek the assistance of the Magistrate to hold a settlement conference.

**18. State whether a jury demand has been made and if it was made on time.**

**Response**:

Yes, both Plaintiffs and Defendants have timely submitted jury demands in this matter.

**19. Specify the number of hours it is expected that it will take to present the evidence in this case.**

**Response**:

The parties anticipate that trial will take 13 days

**20. List pending motions that could be ruled on at the Initial Pretrial Conference.**

**Response**:

None

**21. List other pending motions, if any.**

**Response**:

None

**22. Indicate other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

**Response**:

The pending motion to transfer the California matter to Wyoming.

**23. Indicate whether the parties anticipate any amendments to the pleadings.**

**Response**:

Plaintiffs filed an amended Complaint on March 3, 2021. At this time, no other amendments are anticipated.

**24. List the names, bar numbers, addresses, email addresses, and telephone numbers for all counsel. List the names, addresses, email addresses and telephone numbers for all parties and unrepresented pro se litigants.**

**Response**:

For Plaintiffs:
R. Daniel Fleck, # 6-2668
Sarah A. Kellogg, # 7-5355
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
Telephone: (307) 733-7290
Facsimile: (307) 733-5248
fleck@spencelawyers.com
kellogg@spencelawyers.com

For Defendants:
James C. Worthen, #6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com


Dated the 4th Day of March, 2021


/s R. Daniel Fleck_____
R. Daniel Fleck, # 6-2668
Sarah A. Kellogg, # 7-5355
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
fleck@spencelawyers.com
kellogg@spencelawyers.com
*Attorneys for the Plaintiffs*


s/ James C. Worthen_____
James C. Worthen, #6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com
*Attorney for Defendants*